GOLCONDA OIL CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10176. Promulgated August 1, 1927.

Depreciation on equipment of an oil well allowed on a unit-of-production basis, rather than a straight-line basis, as useful life and value depend upon the rate of extraction of oil content.

*Harry C. Weeks, Esq.*, for the petitioner.
*Thomas M. Wilkins, Esq.*, for the respondent.

This proceeding results from a determination by respondent of a deficiency in income and profits tax for the calendar year 1919, in the amount of $3,328.11. The issue involved is whether the petitioner is entitled to an allowance for depreciation upon the unit-of-production basis as opposed to depreciation on a straight-line basis.

### FINDINGS OF FACT.

Petitioner is an unincorporated joint-stock association, with its principal office at Wichita Falls, Tex., and during the year 1919, was engaged in the business of producing oil. It filed an income-tax return for the year 1919, on or about March 15, 1920, in which alleged depreciation of physical property was deducted in the amount of $5,000. Attached to the return, was a schedule entitled " List and Original Cost of Physical Assets," which read as follows:

A reasonable depreciation on these assets we estimate to be about $5,000.00. These assets were purchased during the first part of 1919.

For the calendar year 1919, the respondent has determined the net income of the petitioner to be $87,505.60, its invested capital to be $65,000, and its total tax liability to be $35,912.58. Petitioner owned an oil and gas lease on 10 acres of land in Block 83, Red River Valley lands, Wichita County, Texas, upon which it made a discovery of oil in 1919. It owned and operated one well upon this tract, including the casing in the well and the equipment used in operating the well. The remainder of the lease was sublet upon an overriding royalty basis and the petitioner owned no interest in the equipment in and appertaining to the other wells. Petitioner has been allowed depletion based upon discovery value upon its interest in this property, including both its working interest in one well and its royalty interest in the remaining wells. In determining this depletion allowance, the value of the equipment in and used with the well owned and operated by the company was not taken into consideration. The investment in equipment in and used with the said well, at the close of 1919, was $19,148.78, all of which was pur-

chased in 1919. The respondent has allowed depreciation upon this equipment at the rate of 25 per cent per annum for seven months, in the amount of $2,792.53. Petitioner contends that the depreciation to which it is entitled should be arrived at by dividing the estimated oil reserves recoverable from the well in question during the life of any particular piece of equipment into the investment for such equipment at the close of the year 1919, and multiplying the unit thus obtained by the number of barrels of oil produced from that well in the year 1919. If calculated on that basis, the allowance for depreciation for 1919 would amount to $7,900.35. The equipment in question consisted of casing in the well, pipe, tank, engines, rods, etc., of a kind ordinarily used in producing oil from a depth of about 1,600 feet. The useful life of no part of this equipment was longer than the life of the oil deposit from which the oil was produced. The well in question, like all other wells in the vicinity of Wichita Falls, after having been fully completed and started to producing, would gradually decline in daily output to a point at which it would no longer be profitable to operate it and would then be abandoned. An expert would fix its probable profitable life at from six to ten years. Salvage value would then be negligible. Such a well would ordinarily produce one-half of its total ultimate production within from one to two years after its completion.

OPINION.

MILLIKEN: This proceeding was submitted on the pleadings and a stipulation of facts. Only one issue is involved. The respondent has allowed a deduction for depreciation on a straight-line basis and petitioner contends it should be permitted to take a deduction for depreciation on the unit-of-production basis. The statutory provision under which petitioner is entitled to a deduction for the year 1919, is found in section 234(a)(7) of the Revenue Act of 1918. It should be noted that the statute prescribes no hard and fast or exact and precise rule for a determination of the allowance to which a taxpayer may be entitled. The limitation of the statute is that the deductions shall represent a "reasonable allowance."

It is not possible to lay down a general definition of depreciation that can be universally applied and at the same time be of value in the determination of the question in each specific case. Nor is it possible to tabulate with preciseness the causes and effects of depreciation. Any such definition or tabulation, if given, would be decidedly more suggestive than definitive. Authorities may be found who adhere to either the straight-line method, the reducing-balance method, sinking-fund method, the annuity method, the unit-cost

method, or the composite method, as the proper method to be followed and as the one most accurately reflecting a correct result. The facts in each particular case must be carefully weighed, as well as the circumstances surrounding them, and under proper and given conditions any of the methods suggested might conceivably be said to be accurate and result in a reasonable allowance. There should be no slavish adherence to any particular method to the exclusion of all other methods in a given case and under given circumstances, lest we lose sight of the statutory provisions that the deduction allowed by law shall represent a reasonable allowance.

In the case at bar, respondent takes the element of time as deciding the reasonable allowance to which petitioner is entitled and that to the exclusion of all other factors and elements. He has taken a period of four years, in spite of the fact that at the end of two years all the oil may have been extracted and the equipment thus have become worthless. Petitioner, nevertheless, would be required to take depreciation for two succeeding years, when, as a matter of fact, the equipment had served its useful life at the end of the first two years. Time may be an important element and perchance the deciding factor in the given case. Time, however, is not the only factor to consider. The United States Supreme Court in the case of *United States* v. *Ludey*, 274 U. S. 295, stated that depreciation, based upon *the useful life of the plant in the business*, would provide a sum equal to the return of the cost of the equipment, when it stated:

> The amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost.

A determination, therefore, of the useful life of the plant in the business, is a factor that must and should be determined if it is possible to do so. If the business be limited to one particular purpose, as in this case, the extraction of oil from particular wells, and the equipment has no useful life after the oil is extracted, it would seem to follow that the useful life of the equipment should bear some resemblance to the content of the oil wells to be exhausted. If the equipment is of no value after the oil is extracted, it also seems that any system of cost accounting would consider the depreciation of the equipment to accrue at the rate concurrent with the rate of extraction of the oil.

There can be no question of the simplicity of the straight-line method, advocated by respondent, to determine theoretical depreciation. It is based, of course, on the assumption that the investment in dollars and cents is divided by the number of years or periods of the lifetime of the property and when relevant and

necessary facts are lacking, it may be, in a given case, an acceptable basis, but we are of the opinion that it should not be applied in view of the facts of record in this case. The oil content has been stipulated (at least we must presume so, when depreciation, based on the unit-of-production basis, is stipulated) as well as the value of the equipment for depreciation purposes, and the fact that after the extraction of the oil content, the equipment has no remaining useful life or value. We are of the opinion that a reasonable allowance is measured by a depreciation of the equipment at the same rate as that at which the oil was depleted in the year, which results in an allowance of $7,900.35, pursuant to the facts stipulated.

*Judgment will be entered on 15 days' notice, under Rule 50.*